## HAVANA PRESS DRILL COMPANY
### v.
### J. M. SCURLOCK.

*Sales—Grain Drills—Warranty—Breach.*

In an action to recover the contract price of two grain drills, sold under a contract warranting them to be well made, of good material and to do as good or better work than any other drill, and providing for notice to the seller of any failure to do good work as warranted, it is *held:* That before the plaintiff can recover upon the contract it must show that the drills furnished were " well made and of good material;" that a breach of its warranty in these particulars and its failure to remedy these defects, when notified, excused the defendant from complying with the provisions of the contract in respect to trial, notice and return of the drills.

[Opinion filed June 7, 1887.]

IN ERROR to the Circuit Court of Jackson County; the Hon. O. A. HARKER, Judge, presiding.

Messrs. HILL & MARTIN, for plaintiff in error.

A party can not rescind a contract and avoid the payment of the contract price without returning the property; he can not retain the property and at the same time insist he is not liable for what he contracted to pay, and this is true independent of any agreement to return. Buchenau v. Horney, 12 Ill. 336; Morgan v. Thetford, 3 Ill. App. 323; Smith v. Doty, 24 Ill. 163.

Mr. W. W. BARR, for defendant in error.

Where the article is entirely worthless the vendee is not bound to return or offer to return. Buchenau v. Horney, 12 Ill. 336; Story on Sales, Sec. 427.

But if there was any obligation to return, that is discharged by an offer to return and a refusal to accept the thing offered.

In all cases where the buyer is entitled to rescind the contract of sale, an offer to return is considered as an equivalent to a return, although it be not accepted by the vendor. Story on Sales, Sec. 426.

Where acts are mutual and dependent, neither party can require the other to perform until he has performed or offered to perform his part of the contract. Bourland v. Sickles, 26 Ill. 497; Hungate v. Rankin, 20 Ill. 639.

WILKIN, P. J. On the 29th day of April, 1884, defendant in error gave a written order to plaintiff in error to manufacture and ship to his address by July 1, 1884, two grain drills at $50 each. They were delivered to him on the 17th of July and remained in his possession up to the time this suit was brought. He never used or attempted to sell them. The order or contract under which he made the purchase, stipulated that "all machines are warranted to be well made, of good material and with proper usage to do as good or better work than any other drill," and if they do not fill the warranty after a trial of two days, written notice shall be given stating wherein *they fail* and reasonable time given plaintiff in error to send a man to remedy the difficulty, and if he fails to do so then they are to be returned to the place where received and others substituted or the money or notes immediately returned to the purchaser. It also provided for giving notes by the purchaser on receipt of invoice and bill of lading, but none were given by defendant in error.

The next day after they arrived at his place of business, defendant in error notified the plaintiff in error that the machines were not what he ordered; that he could do nothing with them and that he held them subject to their order. Again on the 11th of September of that year he wrote them, calling attention specifically to defects in the workmanship and material rendering them wholly unfit for use, and asking them to send a man to fix them at once. No one was sent, and on the 11th of December following he wrote a third letter refusing to pay for them and pointing out the same defects as in his former letter. In this same month he offered to return them or told one of their agents that he was ready to do so, but the agent refused to accept them and insisted on payment according to the contract price. On refusal this suit was brought before a Justice of the Peace and appealed to the Circuit Court of Jackson County.

On the above state of facts it is not strange that upon both trials the judgment was for defendant in error for costs of suit.

It is urged that the failure of defendant in error to return the drills makes him liable whether they filled the warranty or not, and that he failed to give them the two days' trial provided in the contract.

Before plaintiff in error can recover upon this contract it must show a compliance with its terms on its part, and this it wholly failed to do. On the contrary, the uncontradicted evidence is that it failed to furnish drills "*well made and of good material*," as it agreed to do, and also that it failed and neglected to send a man to remedy defects when notified of them and requested to do so notwithstanding its express agreement.

Under these circumstances defendant in error was not bound to return or offer to return the goods, but might stand upon his rights under the contract. He is not seeking to rescind a contract. He is resisting payment because the terms of the contract have not been complied with. But it is said that the contract bound him to return; this is a clear misapprehension of its terms. He agreed to return only after plaintiff in error had sent a man to remove the defects and he should have failed to do so. Such a return is not made a condition upon which payment may be avoided, but when it was ascertained that they could not be made to fill the warranty, then he could return them and get others or get his notes or money, if he had given notes or made payments. The objection that the drills were not tried can not be seriously urged; the breach of warranty complained of is not the manner of operating, but defective construction and worthless material.

The evidence shows, and plaintiff in error does not contradict it, that they would not "hold together" on account of defective screws and the manner in which they were made, and could not therefore be subjected to trial. There is no theory of law upon which the judgment could have been different from that of the Circuit Court under the evidence, and it will be affirmed.

*Affirmed.*